```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
RHONA BAUGH-SCOTT et al.,                                               :
                                                                        :
                                       Petitioners,                     :    14-CV-3088 (JMF)
                                                                        :
                   -v-                                                  :    MEMORANDUM OPINION
                                                                        :         AND ORDER
SALLIE MAE, INC.,                                                       :
                                                                        :
                                       Respondent.                      :
                                                                        :
------------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/30/2014

JESSE M. FURMAN, United States District Judge:

      Rhona Baugh-Scott and Nitor V. Egbarin (together, "Petitioners") petition to vacate an arbitration award (the "Award") rendered by Arbitrator Michael Einbinder (the "Arbitrator") on February 4, 2014, in favor of Navient Solutions, Inc., formerly known as Sallie Mae, Inc. (and referred to herein, to avoid confusion, as "Sallie Mae"). (Docket Nos. 2, 24). The arbitration concerned Petitioners' request to defer payments on two private student loans they obtained to finance their son's undergraduate education, which were serviced by Sallie Mae. They contend, among other things, that the Arbitrator committed misconduct in various ways and acted in manifest disregard of the law. For the reasons explained below, the petition is DENIED.

## BACKGROUND

      The relevant background is undisputed and can be explained briefly. As noted, Petitioners obtained private student loans from Sallie Mae to finance Egbarin's son's undergraduate education. When Petitioners' son was admitted to law school in 2013, they requested to defer payments on the loans. Sallie Mae ultimately granted the request, but only as of the date when Petitioners' son actually began attending classes. (*See generally* Additional

Decl. Counsel Supp. Pet. To Vacate Arbitration Award & To Void Arbitration Clause ("Egbarin Additional Decl.") (Docket No. 9), Ex. 2; Opp'n Pet. To Vacate Arbitration Award (Docket No. 23) 1-2).

In August 2013, Petitioners filed a complaint with the American Arbitration Association ("AAA"), which they amended once (the "Amended Complaint").  They argued that Sallie Mae was obligated to grant them a deferral upon their son's admission to law school.  (Decl. Counsel Supp. Pet. To Vacate Arbitration Award & To Void Arbitration Clause ("Egbarin Decl.") (Docket No. 3) Ex. 4).  Petitioners took the position that their Amended Complaint should be administered according to the AAA's rules for "Large, Complex Commercial Disputes" ("Commercial Arbitration Rules") (Egbarin Additional Decl., Ex. 5 at 1).  Sallie Mae, however, contended that the dispute was governed by the AAA Supplementary Procedures for Consumer Related Disputes ("Supplementary Procedures").  (*Id.*, Ex. 6 at 1-2).  Ultimately, the AAA agreed with Sallie Mae, and the case proceeded under the Supplementary Procedures.  (*Id.*, Ex. 8 at 19; *id.*, Ex. 9).

The case was assigned to the Arbitrator in November 2013.  (Egbarin Decl., Ex. 11 at 1). After a one-day hearing in January 2014, the Arbitrator ruled in Sallie Mae's favor.  (*Id.*, Ex. 14). To the extent relevant here, the Arbitrator rejected Petitioners' breach-of-contract claims because (1) the promissory notes gave Sallie Mae discretion with regard to whether to grant a deferral at all, (2) Petitioners were not entitled to a deferral until their son started classes, and (3) Petitioners had not submitted the necessary paperwork to obtain a deferral.  *(Id.*, Ex. 14 at 1).  The Arbitrator rejected Petitioners' other claims — including claims under the Connecticut Unfair Trade Practices Act ("CUTPA"), the Fair Credit Reporting Act ("FCRA"), and the Telephone Consumer Protection Act ("TCPA") — on the ground that they were "all premised on the

2

allegation that [Sallie Mae] was required [by contract] to provide deferral, which is not the case." (*Id.*). Petitioners filed this action on May 1, 2014, asking the Court to vacate the Award and void the arbitration clause in its contract with Sallie Mae. (Docket No. 2).

## DISCUSSION

Under Section 9 of the Federal Arbitration Act ("FAA"), Title 9, United States Code, Sections 1-16, a reviewing court must confirm an arbitration unless one of the statutory grounds for vacatur or modification is satisfied. *See* 9 U.S.C. § 9; *see also STMicroelectronics, N.V. v. Credit Suisse Sec. (USA) LLC*, 648 F.3d 68, 74 (2d Cir. 2011). Section 10 of the FAA, in turn, establishes four instances in which a court may vacate an arbitral award:

(1) where the award was procured by corruption, fraud, or undue means;

(2) where there was evident partiality or corruption in the arbitrators, or either of them;

(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a). In addition, the Second Circuit has held that a court may vacate an award "if [it] find[s] a panel has acted in manifest disregard of the law." *Porzig v. Dresdner, Kleinwort, Benson, N.A. LLC*, 497 F.3d 133, 139 (2d Cir. 2007). A court may vacate an award on that basis, however, only in "those exceedingly rare instances where some egregious impropriety on the

part of the arbitrator is apparent." *T.Co Metals, LLC v. Dempsey Pipe & Supply, Inc.*, 592 F.3d 329, 339 (2d Cir. 2010) (internal quotation marks omitted).[1]

Significantly, "[a]rbitration awards are subject to very limited review in order to avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation." *Rich v. Spartis*, 516 F.3d 75, 81 (2d Cir. 2008) (quoting *Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997)). Among other things, the "party moving to vacate an arbitration award has the burden of proof, and the showing required to avoid confirmation is very high." *STMicroelectronics*, 648 F.3d at 74 (quoting *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006)). Moreover, "[t]he arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case." *D.H. Blair & Co.*, 462 F.3d at 110 (internal quotation marks and citations omitted). Deference to the arbitrators' interpretation of contracts is especially strong. Indeed, "as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, a court's conviction that the arbitrator has committed serious error in resolving the disputed issue does not suffice to overturn his decision." *ReliaStar Life Ins. Co. of N.Y. v. EMC Nat. Life Co.*, 564 F.3d 81, 86 (2d Cir. 2009) (internal quotation marks and citations omitted).

---

[1] As the Second Circuit itself has acknowledged, whether "manifest disregard of the law" remains a proper basis for vacating an arbitration award following the Supreme Court's decision in *Hall Street Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576 (2008), is somewhat unclear. *See, e.g.*, *STMicroelectronics*, 648 F.3d at 78 (noting "skepticism about the validity of [the] 'manifest disregard' doctrine in light of recent Supreme Court precedent," but finding that the respondent had failed to meet it). This Court need not address the issue, however, as Petitioners have failed to demonstrate a manifest disregard of the law.

### A. Manifest Disregard of the Law

Petitioners argue first that the Award should be vacated on the ground that the Arbitrator acted in manifest disregard of the law. A petitioner seeking to vacate an arbitration award based on an arbitrator's manifest disregard of the law bears the heavy burden "of proving that the arbitrator[] [was] fully aware of the existence of a clearly defined governing legal principle, but refused to apply it." *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 389 (2d Cir. 2003). Accordingly, courts in the Second Circuit may vacate an arbitration award based on manifest disregard of the law only when three conditions are satisfied: (1) the law must be "clear, and in fact explicitly applicable to the matter before the arbitrators"; (2) the law must "in fact [have been] improperly applied, leading to an erroneous outcome"; and (3) "the arbitrator must have known of [the law's] existence, and its applicability to the problem before him." *Id.* at 389-90.

Applying those standards here, Petitioners' arguments are meritless. Petitioners argue that the Arbitrator's rejection of their claims under CUTPA and the FCRA constituted manifest disregard of the law because the elements of those claims differ from the elements of a breach of contract claim. (Mem. Law Supp. Pet. To Vacate Arbitration Award & To Void Arbitration Clause ("Pet'rs' Mem.") (Docket No. 8) 6-9). That is true, but beside the point. As the Arbitrator correctly recognized, Petitioners' CUTPA and FCRA claims were premised on the idea that Sallie Mae had wrongfully denied Petitioners their requested deferment. For example, Petitioners' FCRA claims were based largely on the allegation that Sallie Mae had falsely reported to the credit agencies that Petitioners' loan payments were past due. (Egbarin Decl., Ex. 16 at 5-9). If Petitioners were not entitled to a deferment, however, their payments were indeed past due and Sallie Mae's report was not false. Accordingly, the success of Petitioners' FCRA

5

claim depended on whether they were entitled to a deferral.  In short, the Arbitrator committed no error in rejecting those claims, and certainly did not exhibit the sort of "egregious impropriety" that might justify vacatur.  *T.Co. Metals, LLC*, 592 F.3d at 339.

Petitioners also alleged in their pre-hearing brief that Sallie Mae had violated the TCPA by making repeated automated calls to Petitioners' cell phones without permission.  (Egbarin Decl., Ex. 16 at 10).  Since that claim was not in Petitioners' Amended Complaint (*id.*, Ex. 4), the Arbitrator could probably have declined to address it entirely.  *Cf. Garcia v. City of Hartford Police Dept.*, No. 95-CV-279 (AWT), 2011 WL 4460321, at *1 n.1 (D. Conn. Sept. 27, 2011) (declining to address claims not in the complaint at the summary judgment stage).  Further, the only law that Petitioners cited in support of their TCPA claims in their pre-hearing brief was the statute itself and a case that had been vacated.  (Egbarin Decl. Ex. 16 at 10 (citing 47 U.S.C. §§ 227(b)(1)(A)(iii), (b)(3)(B), (b)(3)(C); *Nelson v. Santander Consumer USA, Inc.*, 931 F. Supp. 2d 919 (W.D. Wis. 2013), *vacated by* No. 11-CV-307 (BBC), 2013 WL 5377280 (W.D. Wis. June 7, 2013))).  That is far from enough to indicate that the Arbitrator "must have known" that the alleged "robocalls" that Sallie Mae made to Petitioners violated the statute.  *Duferco Int'l Steel Trading*, 333 F.3d at 389-90.  (Egbarin Decl., Ex. 16 at 10).

B.     **Other Arguments With Respect to the Award**

Petitioners also attack the Award on the grounds that the Arbitrator committed misconduct and exceeded his authority by: (1) "admitt[ing] and substitut[ing] his own evidence . . . as Sallie Mae's policy in lieu of the actual Sallie Mae[] policy"; (2) "invent[ing] and impos[ing] a new requirement that Petitioner's son must be 'actually enrolled in classes at . . . school'"; (3) mischaracterizing the issue presented; and (4) committing "Manifest Disregard of the Parties' Contract."  (Pet'rs' Mem. 10-17 (emphasis omitted)).  The first argument —

challenging the Arbitrator's reliance on a "Proposed Stipulation of Facts" submitted (and signed) by Sallie Mae and designated "Arbitrator's Exhibit 1" (Second Additional Decl. Counsel Supp. Pet. To Vacate Arbitration Award & To Void Arbitration Clause ("Egbarin Second Additional Decl.") (Docket No. 22) Ex. 25) — is meritless, as the law is clear that, in handling evidence, an arbitrator "need not follow all the niceties observed by the federal courts." *Warnes, S.A. v. Harvic Int'l, Ltd.*, No. 92-CV-5515 (RWS), 1995 WL 261552, at *4 (S.D.N.Y. May 4, 1995). (Decl. Theodore L. Hecht (Docket No. 18) 2 & Ex. D; *see Anderson v. Rochester-Genesee Regional Transp. Auth.*, 337 F.3d 201, 205 n.4 (2d Cir. 2003) (recognizing that the court may take judicial notice of documents of official court record)). In any event, Sallie Mae represents — and Petitioners do not dispute — that a Sallie Mae corporate representative testified (subject to cross-examination) that the stipulation accurately reflected the company's police and procedures and how they were applied to Petitioners' request for a deferment. (Resp.'s Opp. Pet. Vacate Arbitration Award (Docket No. 23) 7). Moreover, the Arbitrator relied not only on the proposed stipulation, but also on the text of the relevant promissory notes and exhibits submitted by the parties. (Egbarin Decl., Ex. 14 at 1). Petitioners' argument that the Arbitrator committed misconduct by relying on "false evidence" is therefore without merit. (Pet'rs' Mem. 10).

Petitioners' remaining challenges to the Award are no more than a disagreement with the Arbitrator's interpretation of the contract and the decision on the merits. Whether an arbitrator has exceeded his authority, however, "focuses on whether [he] had the power, based on the parties' submissions or the arbitration agreement, to reach a certain issue, not whether [he] correctly decided that issue." *Westerbeke Corp. v. Daihatsu Motor Co., Ltd.*, 304 F.3d 200, 220 (2d Cir. 2002). Moreover, "as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, [even] a court's conviction that the

arbitrator has committed serious error in resolving the disputed issue does not suffice to overturn his decision." *Jock v. Sterling Jewelers Inc.*, 646 F.3d 113, 122 (2d Cir. 2011) (internal quotation marks omitted). Here, Petitioners do not argue (and, in light of their initiation of the arbitration, could not argue) that the Arbitrator lacked authority to interpret the contract; they simply disagree with the interpretation the Arbitrator adopted. They have therefore failed to prove that the Arbitrator acted improperly.

**C.     The Validity of the Arbitration Clause**

Finally, Petitioners appear to challenge the validity of the arbitration altogether. (Pet'rs' Mem 20-24). As an initial matter, Petitioners have arguably waived any such challenges, as it was they who initiated the arbitration proceedings in the first instance. *See, e.g.*, *Square Plus Operating Corp. v. Local Union No. 917*, No. 90-CV-1613 (LJF), 1992 WL 116610, at *1-2 (S.D.N.Y. May 15, 1992) (holding that party had waived any objections to arbitrator's jurisdiction by proceeding to arbitration).

In any event, their contentions are easily rejected on the merits. They object, first, to the filing fees required under the Commercial Arbitration Rules, which Petitioners call "Regular arbitration." (Pet'rs' Mem. 20-21). But the costs associated with the Commercial Arbitration Rules are irrelevant because Petitioners' arbitration occurred under the Supplementary Procedures, which are significantly less expensive. *Cf. E.E.O.C. v. Rappaport, Hertz, Cherson & Rosenthal, P.C.*, 448 F. Supp. 458, 463-64 (E.D.N.Y. 2006) (declining to void an arbitration clause because the dispute likely fell under a less expensive fee schedule than the one challenged). Second, Petitioners assert that the AAA improperly considers all consumer claims to be "Small Claims." (Pet'rs' Mem. 21-24). To the extent Petitioners are challenging the AAA's decision to apply the Supplementary Procedures rather than the Commercial Arbitration

Rules, however, the Court has no authority to overturn that decision (or, if it did have such authority, any reason to do so). The parties' agreement specifies that arbitration will occur under "the applicable rules" of the AAA (Egbarin Decl., Ex. 3 at 10), and those rules, in turn, expressly give the AAA "discretion to apply or not apply the Supplementary Procedures." (*Id*., Ex. 10 at 8). *See, e.g.*, *Ecopetrol S.A.* v. *Offshore Exploration & Prod. LLC*, — F. Supp. 3d —, No. 14-CV-529 (JGK), 2014 WL 4449799, at *13 (S.D.N.Y. Sept. 10, 2014) (noting that where "parties have adopted rules conferring on an arbitral panel authority to interpret the rules governing arbitration, courts should defer to the panel's interpretation"). Finally, Petitioners contend that limits on arbitrators' compensation in consumer cases effectively caps the amount of time an arbitrator will spend on any one case. (Pet'rs' Mem. 21-23). But whether that is true or not, Petitioners make no showing that that happened here, let alone that it harmed them.

## CONCLUSION

For the reasons explained herein, the petition is DENIED. The Clerk of Court is directed to close the case.

SO ORDERED.

Date: October 30, 2014
New York, New York

/s/ Jesse M. Furman
JESSE M. FURMAN
United States District Judge

9